**UNITED STATES of America, Plaintiff,**

v.

**Donald H. WINDFELDER, Defendant.**

**No. 84–CR–107.**

United States District Court,
E.D. Wisconsin.

Feb. 12, 1985.

Joseph P. Stadtmueller, U.S. Atty. by Melvin K. Washington, Asst. U.S. Atty., Milwaukee, Wis., for plaintiff.

William M. Coffey, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

The issue before the Court in this criminal tax case is the Government's motion to determine the scope of the attorney-client privilege in relation to the preparation of an estate tax return. The Government seeks to compel production of documents generated after the estate tax return was filed, and to compel discovery of post-filing discussions. The disputed documents have been produced for in-camera inspection, and the issues were argued at a hearing held on February 8, 1985. The Government's motion will be granted.

Count 1 of the indictment charges the defendant with filing a false income tax return, and Count 2 charges the defendant with filing a false estate tax return. The Government claims underlying facts show the defendant misappropriated funds from the estate. The defendant was appointed personal representative of his aunt's estate, and he hired the law firm of Godfrey and Kahn to prepare the estate tax return. The defendant concedes that the Government is entitled to discovery of documents generated prior to the filing of the estate tax return, but argues that the attorney-client privilege bars discovery of documents which were not provided to enable the law firm to prepare the estate tax return. *United States v. Schenectady Savings Bank*, 525 F.Supp. 647 (N.D.N.Y. 1981).

The defendant was removed as personal representative of the estate on February 15, 1983. The documents in dispute were all generated prior to the defendant's removal as personal representative. The current personal representative, however, has informed the Court that the estate waives any privilege it may have in regard to these matters. The issue to be decided, therefore, is whether the personal representative of an estate may prevent discovery of documents related to the filing of the estate tax return but prepared after the re-

turn was filed by personally asserting the attorney-client privilege.

The documents produced for in-camera inspection include two memos to the estate file which were prepared by a member of the law firm, entitled "Reconciliation of Assets." The memo dated June 15, 1981, begins with the following sentence: "Don Windfelder has forwarded to us a revised reconciliation of assets relative to the assets reported on the Estate's United States Estate Tax Return as compared to the assets known to have been owned by the decedent within two years prior to her death." The remaining documents are lists of assets and checks prepared by the defendant as personal representative.

My review of these documents convinces me that they were all generated on behalf of the estate. The defendant has produced no evidence which indicates that he personally hired the law firm of Godfrey and Kahn; rather, it is apparent that the law firm was acting at all times on behalf of the estate. It defies logic and reason and would be poor public policy to allow a defendant who is alleged to have misappropriated funds from an estate to personally assert a privilege belonging to the estate. Consequently, the attorney-client privilege does not bar discovery of documents and discussions between the personal representative and the estate's law firm, which relate solely to the estate's tax return even though they were prepared or occurred after the return was filed.

IT IS THEREFORE ORDERED that the motion of the United States to compel discovery is granted.